**John KELLY Plaintiff,**

v.

**Drew MARCHIANO, individually, Jessica Bacal, individually, Patrick Daigle, individually, Suzanne Whalen, individually, James F. Nordgren, individually, Richard Rhoades, individually, Charles Beckett, individually, the Town of Lewisboro, New York and the Town Board of the Town of Lewisboro, New York Defendants.**

**No. 04 CIV.1965(SCR).**

United States District Court, S.D. New York.

Aug. 29, 2004.

Jonathan Lovett, Lovett & Gould, White Plains, NY, for Plaintiff.

James A. Randazzo, Servino Santangelo & Randazzo LLP, White Plains, NY, for Defendants.

## ORDER

ROBINSON, District Judge.

On or about March 12, 2004, John Kelly (the "Plaintiff")[1], filed a complaint (the "Complaint") under 42 U.S.C. § 1983 against Drew Marchiano, Jessica Bacal, Patrick Daigle, Suzanne Whalen, James F. Nordgren, Richard Rhoades, and Charles Beckett, in their respective individual capacities, the Town of Lewisboro, New York, and the Town Board of Lewisboro, New York. At the time of the filing of the Complaint, Mr. Marchiano was the Chief of the Lewisboro Police Department, Mr. Beckett was a Lieutenant in the Lewisboro Police Department, Ms. Bacal, Mr. Daigle, Ms. Whalen and Mr. Nordgren were duly elected members of the Town Board. (Complaint at 2–3). Mr. Rhoades was a member of the Republican Town Committee, and the significant other of Ms. Bacal, but was not a state actor. (*Id.*) On or about May 11, 2004, Mr. Rhoades moved to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for a failure to state a claim upon which relief can be granted (the "Defendant's Motion"). The Plaintiff filed an opposition to the Defendant's Motion on or about May 24, 2004 (the "Plaintiff's Opposition"), and Mr. Rhoades submitted a re-

1. The Plaintiff's counsel has confirmed that the Plaintiff was formerly known as "John Ostrowski", but has changed his legal name to "John Kelly."

ply to the Plaintiff's Opposition on or about June 8, 2004 (the "Reply").

■ Under Fed.R.Civ.P. 12(b)(6), a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). When reviewing a motion to dismiss under Fed. R.Civ.P. 12(b)(6), the court must accept "as true the facts alleged in the Complaint." *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.,* 32 F.3d 697, 699–700 (2d Cir.1994). The task of the court addressing a Rule 12(b)(6) motion is not to determine the weight of the evidence, but only to assess the legal feasibility of the complaint. *Sims v. Artuz,* 230 F.3d 14, 20 (2d Cir.2000). In connection with such inquiry, all reasonable inferences are to be drawn in the plaintiff's favor, which often makes it "difficult to resolve [certain questions] as a matter of law." *In re Independent Energy Holdings PLC,* 154 F.Supp.2d 741, 747 (S.D.N.Y.2001).

The Plaintiff's complaint alleges that the Defendants, including Mr. Rhoades, acting intentionally, in concert and under the color of New York State law, violated his constitutional rights, as guaranteed to him under the First Amendment of the United States Constitution and 42 U.S.C. § 1983, by conspiring to have the Plaintiff removed from the Lewisboro Police Department. Pursuant to Rule 12(b)(6), Mr. Rhoades has moved to dismiss the Plaintiff's claims against him for failure to state a claim upon which relief can be granted because (1) Mr. Rhoades is not alleged to have acted under the color of state law, and (2) the Complaint fails to allege a conspiracy to violate § 1983.

■ The first argument advanced by the Defendant's Motion is that Mr. Rhoades is not a state actor and is not alleged to have acted under the color of state law. However, as the Defendant's Motion explicitly acknowledges, "[i]n order for a private individual or entity to be liable under § 1983, that individual or entity must—*in close cooperation with a state actor*—deprive a plaintiff of a legally protected interest." (Defendant's Motion, Page 6 (emphasis added) (citing *Heaning v. Nynex–New York,* 945 F.Supp. 640, 651 (S.D.N.Y.1996); *Roche v. John Hancock Mutual Life Ins. Co.,* 81 F.3d 249, 253–54 (1st Cir.1996)).) The core of the Plaintiff's Complaint is the allegation that Mr. Rhoades, in "close cooperation" with the other Defendants, the state actors, violated the Plaintiff's Constitutional rights. Accordingly, the Defendant's first ground for dismissal under Rule 12(b)(6) is not persuasive.

■ The second argument advanced by the Defendant's Motion in support of dismissal is that the Complaint fails to allege a conspiracy to violate § 1983. In order to survive a Rule 12(b)(6) motion to dismiss a § 1983 conspiracy claim, a complaint must allege (1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Ciambriello v. County of Nassau,* 292 F.3d 307, 324–25 (2d Cir.2002) (citing *Pangburn v. Culbertson,* 200 F.3d 65, 72 (2d Cir.1999)).

In the case at bar, the Complaint asserts that Mr. Rhoades, although not a state actor himself, acted under the color of state law by willfully conspiring with his co-defendants, who were all state actors. (Complaint at 3). More specifically, the Plaintiff alleges that Mr. Rhoades (a) disclosed information sent to Ms. Bacal, a state actor and Mr. Rhoades's significant other, to Mr. Marchiano and/or Mr. Beck-

ett, both state actors, (Complaint at 5) and (b) acting on behalf of Ms. Bacal, demanded that the Plaintiff not be given a position in the Lewisboro Police Department's administration. (*Id.* at 5–6). The allegations of conspiracy made by the Plaintiff, which are very specific, distinguish this case from the primary cases relied upon by the Defendant's Motion and Reply, where the respective plaintiffs' claims were dismissed for conclusory allegations of conspiracy. *See Jessamy v. City of New Rochelle,* 292 F.Supp.2d 498 (S.D.N.Y.2003); *Spetalieri v. Kavanaugh,* 36 F.Supp.2d 92 (S.D.N.Y. 1998).[2] For the purposes of the Defendant's Motion pursuant to Rule 12(b)(6), the Plaintiff's allegations in the Complaint must be accepted as true. To the extent the Plaintiff cannot substantiate these allegations with the evidence produced during discovery, Mr. Rhoades, and the other Defendants, may seek summary judgment. However, the Plaintiff has sufficiently stated a viable § 1983 conspiracy claim against Mr. Rhoades and the second ground of the Defendant's Motion to dismiss is also unpersuasive.

For all of the reasons set forth more fully above, the Defendant's Motion to dismiss for a failure to state a cause of action upon which relief may be granted is denied.[3]

It is so ordered.

---

**2.** It should be noted that the respective plaintiffs' claims in both *Jessamy* and *Spetalieri* were dismissed pursuant to Rule 56, not Rule 12(b)(6).

**3.** It should be noted that the Plaintiff's Opposition to the Defendant's Motion includes a request for permission to file an amended complaint in the event the Defendant's Motion is granted. Having denied the Defendant's Motion, this Court need not address the Plaintiff's request to amend his complaint.